JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
RICHELLE PAYNE

**DEFENDANTS**
SAINT JOSEPH'S UNIVERSITY

(b) County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esquire
Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 19102 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. §2000e, et seq. ("Title VII"); 42 U.S.C. §1981 ("Section 1981"); 43 P.S. §951, et seq. ("PHRA"); Philadelphia Code § 9-1100, et seq. ("PFPO").

Brief description of cause:
Plaintiff brings this action against her former employer for discrimination based on her race and sex.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 09/04/2019

SIGNATURE OF ATTORNEY OF RECORD: Kevin Console, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Richelle Payne<br>PLAINTIFF,<br>v.<br>Saint Joseph's University<br>DEFENDANT. | :<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( x)

| | | |
|---|---|---|
| September 4, 2019 | [signature] | Plaintiff, Richelle Payne |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| (215) 545-7676 | 215-701-2344 | kevinconsole@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Philadelphia, PA 19128

Address of Defendant: 5600 City Avenue, Philadelphia, PA 19131

Place of Accident, Incident or Transaction: ____________________

***RELATED CASE, IF ANY:***

Case Number: ____________ Judge: ____________ Date Terminated: ____________

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/04/2019 ____________ *Attorney-at-Law / Pro Se Plaintiff* 317235 *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ____________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ____________
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ____________

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Kevin Console, Esquire, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 09/04/2019 ____________ *Attorney-at-Law / Pro Se Plaintiff* 317235 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHELLE PAYNE**<br>**Philadelphia, PA 19128** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CIVIL ACTION NO.**<br>**JURY TRIAL DEMANDED** |
| **SAINT JOSEPH'S UNIVERSITY**<br>**5600 City Avenue**<br>**Philadelphia, PA 19131** | : | |
| **Defendant.** | : | |

**COMPLAINT**

## I. INTRODUCTION

Plaintiff Richelle Payne ("Plaintiff") brings this action against her former employer, Saint Joseph's University ("Defendant"). Plaintiff was discriminated against because of her race and sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"); the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"); the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"); and the Philadelphia Fair Practices Ordinance, Bill No. 130687, Philadelphia Code § 9-1100, et seq. ("PFPO").

As alleged herein, Defendant intentionally discriminated against Plaintiff because of her race and her sex in violation of the foregoing statutes by: (1) failing to promote (or even consider) Plaintiff to a position for which she was qualified and was performing on an interim basis; (2) subjecting Plaintiff to a hostile work environment; and (3) terminating Plaintiff's employment despite outstanding performance. Plaintiff seeks all damages, including economic loss,

compensatory damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Richelle Payne, is an individual and citizen of Philadelphia, Pennsylvania.

2. Plaintiff is a black female.

3. Defendant St. Joseph's University is an educational institution with a principal place of business located at 5600 City Avenue, Philadelphia, PA 19131.

4. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

5. At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

6. At all relevant times, Defendant employed more than fifteen (15) employees.

7. At all relevant times, Defendant acted as an "employer" within the meaning of the statutes forming the basis of this matter.

8. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the statutes forming the basis of this matter.

## III. JURISDICTION AND VENUE

9. The causes of action forming the basis of this matter arise under Title VII, Section 1981, the PHRA, and the PFPO.

10. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

11. The District Court has jurisdiction over Count II (Section 1981) pursuant to 28

U.S.C. §1331.

12. The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

13. The District Court has supplemental jurisdiction over Count IV (PFPO) pursuant to 28 U.S.C. §1367.

14. Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

15. On or about June 18, 2018, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein. This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein, and marked as "Exhibit 1" is a true and correct copy of the EEOC Charge of Discrimination.

16. On or about July 11, 2019, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein, and marked as "Exhibit 2" is a true and correct copy of that notice.

17. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

18. In or around July 2016, Plaintiff was hired as Assistant Director for Business Development at the Initiative for Family Business and Entrepreneurship (IFBE) ("Assistant Director of the IFBE") within Defendant's Haub School of Business.

19. Upon information and belief, Plaintiff was the only black employee holding a professional and/or leadership position at Defendant's Haub School of Business.

20. Upon information and belief, Plaintiff was the only black female employee holding a salaried staff position within the Haub School of Business.

21. Throughout her employment with Defendant, Plaintiff performed her job responsibilities in a highly competent manner.

22. From in or around July 2016 until in or around June 2017, Plaintiff reported to Mary Nicoletti ("Nicoletti") (white/female), Director of the IFBE.

23. Nicoletti reported to Joseph DiAngelo ("DiAngelo") (white/male), Dean of Defendant's Haub School of Business.

24. As her direct supervisor, Nicoletti worked closely with and observed Plaintiff as she performed her job.

25. In or around May 2017, Nicoletti issued Plaintiff an evaluation rating Plaintiff's performance as "exceeds expectations."

26. In or around May 2017, DiAngelo overturned Plaintiff's "exceeds expectations" rating and instead awarded her a lower, "meets expectations" rating.

27. Defendant did not provide any performance-based explanation for overturning Nicoletti's "exceeds expectations" rating and giving Plaintiff a "meets expectations" rating.

28. Defendant refused, even upon Plaintiff's request, to honor the "exceeds expectations" rating that she earned and her direct supervisor awarded to her.

29. Defendant overturned and lowered Plaintiff's performance rating from "exceeds expectations" to "meets expectations" because of her race and/or sex.

30. In or around June 2017, Nicoletti resigned from her position as Director of the IFBE.

31. From in or around June 2017 until in or around September 2017, Plaintiff served as

Interim Director of the IFBE, and performed the duties of that position in addition to her duties as Assistant Director.

32. By way of example, and without limitation, during the time period of approximately June 2017 to September 2017, Plaintiff:

a. Led weekly staff meetings;

b. Led IFBE board of director meetings;

c. Scheduled and structured training for the IFBE team;

d. Defined and sold new revenue-generating service offerings;

e. Represented Defendant at industry and national conferences; and

f. Prepared the IFBE's annual report to be reviewed by Christian Haub, benefactor of Defendant's Haub School of Business.

33. During the time Plaintiff served as Interim Director, she performed both her existing Assistant Director duties and the Director duties in a highly competent and successful manner.

34. During the time Plaintiff served as Interim Director, her job title was not changed to "Interim Director" and her compensation was not increased.

35. Defendant changed white and/or male employees' titles when they held interim positions.

36. Defendant increased white and/or male employees' compensation when they held interim positions.

37. Defendant offered no explanation for failing to change Plaintiff's title to "Interim Director" or for failing to increase Plaintiff's compensation during the time she served as Interim Director.

38. Defendant failed to change Plaintiff's title to "Interim Director" and failed to increase her compensation during the time she served as Interim Director because of her race and/or sex.

39. On or about August 9, 2017, Plaintiff applied for the open position of (permanent) Director of IFBE.

40. In support of her application for the Director position, Marc Kramer ("Kramer") (white/male), Executive-in-Residence of Defendant, submitted a letter of endorsement on Plaintiff's behalf to DiAngelo and Natalie Wood ("Wood") (white/female), Interim Associate Dean.

41. In his letter, Kramer endorsed Plaintiff's experience and qualifications for the Director position, specifically that the IFBE members/sponsors already knew Plaintiff and that she had been a key driver of the program's growth.

42. In his letter, Kramer also stated that, to his knowledge, Plaintiff was the only black employee in a leadership position at Defendant.

43. After submitting her application on or about August 9, 2017, Plaintiff contacted Wood on numerous occasions to inquire about her interview status.

44. Despite Kramer's endorsement, Plaintiff's qualifications, and her performance of such role on an interim basis, Defendant did not interview Plaintiff for the Director position.

45. On September 5, 2017, Defendant sent Plaintiff a letter falsely stating that she had interviewed for the Director position.

46. On or about September 5, 2017, Defendant failed to promote Plaintiff to Director of the IFBE.

47. Defendant failed to provide Plaintiff with any explanation, including the selection

criteria, as to why she was not promoted to, or even interviewed for, the Director position.

48. Instead of promoting Plaintiff, Defendant hired Brian Brogan ("Brogan") (white/male) for the Director position.

49. Plaintiff is more experienced and qualified for the Director position than Brogan.

50. Brogan was an outside hire.

51. Defendant did not promote or even offer an interview to Plaintiff for the Director position because of her race and/or sex.

52. On or about September 25, 2017, Plaintiff began reporting to Brogan.

53. In or around October 2017, Plaintiff met with Wood to discuss her concerns as to why she was not even offered an interview for (much less promoted to) the Director position and, again, to discuss the residual effects of her lowered performance rating.

54. Wood dismissed Plaintiff's concerns regarding the interview process and the residual effects of her lowered performance rating.

55. As Plaintiff's supervisor, Brogan treated Plaintiff in a more hostile, demeaning, and critical manner than he treated white and/or male employees.

56. Brogan criticized Plaintiff's performance, discredited her work, and was generally dismissive toward Plaintiff, without legitimate basis.

57. On or about January 29, 2018, Plaintiff requested to work from home in the morning before attending a pre-scheduled lunch meeting during which she secured seven (7) referrals for Defendant in her capacity as Assistant Director.

58. On or about January 30, 2018, Brogan called a staff meeting during which he berated Plaintiff and humiliated her in the presence of her colleagues by, among other things:

a. falsely discrediting Plaintiff's business decisions and sales acumen;

b. falsely casting doubt on Plaintiff's motives for requesting to work from home the previous day; and

c. mischaracterizing the business meeting during which she secured seven (7) referrals for Defendant as a "personal meeting."

59. On or about January 31, 2018, Plaintiff requested a meeting with Brogan to discuss his comments made during the staff meeting referenced above.

60. During this meeting, Brogan told Plaintiff that wanted "to see if [she] would go home and cry."

61. Upon knowledge and belief, Brogan did not give white and/or male employees unsubstantiated criticism or baselessly discredit the work of white and/or male employees in front of their colleagues.

62. Upon knowledge and belief, Brogan did not interact with white and/or male employees with the hope or expectation of making them "go home and cry."

63. In or around late April or early May 2018, Plaintiff requested PTO for May 10-11th, 2018.

64. In response to Plaintiff's PTO request, Brogan falsely questioned her performance and failed to grant her request.

65. Upon knowledge and belief, Brogan did not treat the PTO requests of white and/or male employees with skepticism or arbitrarily fail to grant such requests.

66. On May 17, 2018, in a meeting with DiAngelo, Wood, and Sharon Eisenmann (white/female), Vice President for Human Resources, Defendant terminated Plaintiff's employment, effective immediately.

67. Plaintiff was blindsided, as she had no disciplinary or performance issues

throughout her employment with Defendant.

68. Defendant's stated reasons for Plaintiff's termination were restructuring and position elimination.

69. Defendant did not offer Plaintiff any options or opportunity to remain employed by Defendant.

70. As of Plaintiff's termination, Defendant retained the other employees reporting to Brogan, including: Kramer (white/male) and Kathleen Hoffman ("Hoffman") (white/female), Program Administrator.

71. Defendant assigned Plaintiff's job duties to Kramer and Hoffman.

72. As of Plaintiff's termination, Plaintiff was more qualified and experienced to perform her job duties than the employees to whom Defendant assigned such duties.

73. As of Plaintiff's termination, Plaintiff was equally or more qualified to perform the positions of Hoffman and Kramer.

74. Defendant retained less-qualified white and/or male employees.

75. Defendant failed to provide any explanation, including the selection criteria, as to why Plaintiff was terminated while the less-qualified white and/or male employees were retained.

76. Defendant's stated reasons for terminating Plaintiff are false and pretextual.

77. The intentional discriminatory conduct of Defendant, as alleged herein, was severe and pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

78. Defendant has not provided a legitimate, non-discriminatory reason for subjecting Plaintiff to a hostile work environment, which culminated in her termination.

79. Plaintiff's race and/or sex was a motivating and/or determinative factor in Defendant's decision not to place Plaintiff into the position of Director of the IFBE.

80. Plaintiff's race and/or sex was a motivating and/or determinative factor in Defendant's decision to subject Plaintiff to a hostile work environment.

81. Plaintiff's race and/or sex was a motivating and/or determinative factor in Defendant's decision to terminate Plaintiff's employment.

82. Defendant failed to prevent, correct or remedy the race and/or sex discrimination to which Plaintiff was subjected.

83. Defendant has a pattern and practice of discriminating against non-white and/or female employees in connection with the terms and conditions of their employment. Evidence of such bias includes, but is not limited to:

a. Defendant terminated four (4) employees on May 17, 2018, each of whom was female.

b. There is an underrepresentation of non-white employees in leadership roles at Defendant.

c. There is an underrepresentation of non-white employees in salaried positions at Defendant.

d. Defendant has a pattern and practice of undercompensating non-white and/or female employees when compared to the same or similar jobs performed by white and/or male employees.

84. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's

pleasures, the full extent of which is not known at this time.

85. Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's protected rights, thus warranting the imposition of punitive damages.

**COUNT I – TITLE VII**

86. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth in their entirety.

87. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

88. Plaintiff's race and/or sex was a motivating and/or determinative factor in connection with Defendant's treatment of her.

89. Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, warranting the imposition of punitive damages.

90. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

91. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

92. No previous application has been made for the relief requested herein.

**COUNT II – SECTION 1981**

93. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth in their entirety.

94. By committing the foregoing acts of discrimination, Defendant has violated Section

1981.

95. Plaintiff's race was a motivating and/or determinative factor in connection with Defendant's treatment of her.

96. Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, warranting the imposition of punitive damages.

97. As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

98. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

99. No previous application has been made for the relief requested herein.

## COUNT III – PHRA

100. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth in their entirety.

101. By committing the foregoing acts of discrimination, Defendant has violated the PHRA.

102. Plaintiff's race and/or sex was a motivating and/or determinative factor in connection with Defendant's treatment of her.

103. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

104. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants

the relief requested herein.

105. No previous application has been made for the relief requested herein.

**COUNT IV – PFPO**

106. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth in their entirety.

107. By committing the foregoing acts of discrimination, Defendant violated the PFPO.

108. Plaintiff's race and/or sex was a substantial, motivating, and/or determinative factor in Defendant's treatment of her.

109. As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

110. Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

111. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

112. No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of Section 1981;

(c) declaring the acts and practices complained of herein to be in violation of the PHRA;

(d) declaring the acts and practices complained of herein to be in violation of the PFPO;

(e) enjoining and permanently restraining the violations alleged herein;

(f) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(g) awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(h) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(i) awarding punitive damages to Plaintiff under Title VII;

(j) awarding punitive damages to Plaintiff under Section 1981;

(k) awarding punitive damages to Plaintiff under PFPO;

(l) awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, the PHRA, and the PFPO;

(m) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(n) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW LLC**

Dated: 9/4/2019

By: ______________________
Kevin Console, Esquire
1525 Locust St., Ninth Floor
Philadelphia, PA 19102
(215) 545-7676

Attorney for Plaintiff,
Richelle Payne

# EXHIBIT 1

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>Q FEPA<br>X EEOC | CHARGE NUMBER |
|---|---|---|
| STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission; Philadelphia Commission on Human Relations | | |

| NAME (Indicate Mr., Ms., Mrs.)<br>**Richelle Payne** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>REDACTED |
|---|---|

| STREET ADDRESS<br>REDACTED | CITY, STATE AND ZIP<br>Philadelphia, PA 19129 | DATE OF BIRTH<br>REDACTED |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Saint Joseph's University** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(610) 660-1000 |
|---|---|---|
| STREET ADDRESS<br>5600 City Avenue | CITY, STATE AND ZIP<br>Philadelphia, PA 19131 | COUNTY<br>Philadelphia |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>X Race Q Color X Sex Q Religion Q National Origin<br>Q Retaliation Q Age Q Disability Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest* *Latest* 05/17/2018 |
|---|---|

**The Particulars Are:**

A. 1. Relevant Work History

I was hired by Respondent in or about July 2016. I last held the position of Assistant Director for Business Development. I last reported to Brian Brogan (white, male), Director, Initiative for Family Business and Entrepreneurship, since September 2017. Brogan reports to Joseph DiAngelo (white, male), Dean of Haub School of Business.

Respondent failed to promote me, subjected me to a hostile work environment, and terminated my employment because of my race and/or sex.

I consistently demonstrated excellent performance and dedication to Respondent. I performed my job duties and responsibilities in a highly competent manner. I received positive feedback throughout my employment at Respondent.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: 6/18/18 Charging Party (*Signature*): Richelle Payne | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

2018 JUN 19 P 3:31

2. Harm Summary

Respondent discriminated against me because of my race (black) and my sex (female). Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a) I was the only black employee in a professional and/or leadership position at Respondent.

(b) I was the only black female employee with a salaried position in Respondent's Haub School of Business.

(c) I found Respondent's comments and conduct, including but not limited to the examples set forth herein, to be based on my race and/or sex, offensive, and creating a hostile work environment for me.

(d) In or about May 2017, DiAngelo overturned the "exceeds expectations" performance rating that I had received from my prior supervisor, Mary Nicoletti (white, female), Director, Initiative for Family Business and Entrepreneurship, and gave me a lower performance rating.

(e) DiAngelo did not provide any performance basis for overturning my "exceeds expectations" performance rating, and giving me a "meets expectations" performance rating.

(f) From in or about June 2017, after Nicoletti resigned, to September 2017, when Brogan was hired, I performed the duties of Director, Initiative for Family Business and Entrepreneurship, in addition to my duties as Assistant Director for Business Development. My job title was not changed to Interim Director, Initiative for Family Business and Entrepreneurship, and my compensation was not increased.

(g) Respondent failed to provide any explanation, including the criteria, as to why my title was not changed to Interim Director, Initiative for Family Business and Entrepreneurship, and my compensation was not increased.

(h) My job title was not changed and my compensation was not increased because of my race and/or sex.

(i) On or about August 9, 2017, I applied for the open Director, Initiative for Family Business and Entrepreneurship position.

(j) In support of my application for the Director, Initiative for Family Business and Entrepreneurship position, Marc Kramer (white, male), Executive-in-Residence, submitted a letter of endorsement on my behalf to DiAngelo and Natalie Wood (white, female), Interim Associate Dean. In addition to writing about my experience and qualifications for the Director, Initiative for Family Business and Entrepreneurship position, he stated that, to his knowledge, I was the only black employee in a leadership position at Respondent.

(k) Respondent did not interview me for the Director, Initiative for Family Business and Entrepreneurship position.

(l) On September 5, 2017, Respondent sent me a letter that falsely stated that I had interviewed for the Director, Initiative for Family Business and Entrepreneurship position.

(m) On or about September 5, 2017, Respondent failed to promote me to Director, Initiative for Family Business and Entrepreneurship.

(n) Instead of promoting me, Respondent hired Brogan (white, male) for the Director, Initiative for Family Business and Entrepreneurship position. I am more qualified and experienced for the position than the white, male employee who Respondent hired as Director, Initiative for Family Business and Entrepreneurship and who became my supervisor.

(o) Respondent failed to provide any explanation, including the selection criteria, as to why I was not promoted to, or even interviewed for, the Director, Initiative for Family Business and Entrepreneurship position.

(p) Respondent did not promote me to, or even offer me an interview for, the Director, Initiative for Family Business and Entrepreneurship position because of my race and/or my sex.

(q) On or about September 25, 2017, I began reporting to Brogan.

(r) In or about October 2017, I met with Wood to discuss my concerns as to why I was not promoted and why my performance rating had been lowered. Wood dismissed my concerns.

(s) Brogan treated me in a more hostile, demeaning, and critical manner than he treated white and/or male employees.

(t) Brogan discredited my work, criticized my performance, and was dismissive toward me, which was different from how he interacted with white and/or male employees.

(u) On or about January 31, 2018, Brogan told me that he wanted to see if I would go home and cry.

(v) On May 17, 2018, in a meeting with DiAngelo, Wood, and Sharon Eisenmann (white, female), Vice President for Human Resources, Respondent terminated my employment, effective immediately. I was blindsided. The stated reasons for my termination were restructuring and position elimination.

(w) Respondent did not provide me with any options or opportunity to remain employed with Respondent.

(x) I had no disciplinary or performance issues throughout my employment with Respondent.

(y) Respondent terminated my employment because of my race and/or my sex.

(z) Respondent assigned my job duties to Marc Kramer (white, male), Executive-in-Residence, and Kathleen Hoffman (white, female), Program Administrator. I am more qualified and experienced to perform my job duties than the employees to whom Respondent assigned my job duties.

(aa) Respondent failed to provide any explanation, including the selection criteria, as to why I was terminated and the white and/or male employees were retained.

(bb) When I was terminated, Respondent retained all other employees reporting to Brogan; Kramer; and Hoffman. I am qualified to perform these employees' positions.

(cc) On May 17, 2018, Respondent terminated four (4) employees. Each of the terminated employees is female.

(dd) Respondent failed to take any action to remedy or prevent the race and/or sex discrimination against me.

(ee) Respondent's comments and conduct evidence a bias against black and/or female employees.

(ff) The race and sex discrimination to which I have been subjected at Respondent has caused me emotional distress.

B. 1. Respondent's Stated Reasons

(a) Respondent offered no explanation for failing to change my title to Interim Director, Initiative for Family Business and Entrepreneurship and increase my compensation.

(b) Respondent offered no explanation for failing to promote me to the Director, Initiative for Family Business and Entrepreneurship position.

(c) Respondent offered no explanation for subjecting me to a hostile work environment because of my race and/or my sex.

(d) Respondent's stated reasons for terminating my employment, restructuring and position elimination, are pretext for race and/or sex discrimination.

C. 1. Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my race (black) and my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Equal Pay Act, 29 U.S.C. § 206 *et seq.* ("EPA"); the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"); and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1100, *et seq.* ("PFPO") as set forth herein. Respondent's discriminatory conduct also violated 42 U.S.C. § 1981 ("Section 1981").

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Richelle Payne v. Saint Joseph's University**

EEOC No. ______________________________

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

_X_ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

_X_ *I understand that false statements in this complaint are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.*

X Richelle D. Payne 6/18/18
Signature and Date

2018 JUN 19 P 3:32
REC'D - EEOC
PHILADELPHIA D.O.

____ I do not want my charge dual filed with PHRC

______________________________
Signature and Date

# EXHIBIT 2

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Richelle Payne**
REDACTED
**Philadelphia, PA 19129**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2018-04378** | **Legal Unit, Legal Technician** | **(215) 440-2828** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

- ☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
- ☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.
- ☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
- ☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge
- [x] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
- ☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
- ☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Jamie R. Williamson (signature)

July 11, 2019

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

*(Date Mailed)*

cc:

**Leslie Greenspan, Esq.**
**Tucker Law Group**
**1801 Market St Suite 2500**
**Philadelphia, PA 19103**

**Emily R. Derstine Friesen, Esq.**
**CONSOLE MATTIACCI LAW, LLC**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**